Constantine Quisto Akelkok #485026
Goose Creek Correctional Center
22301 West Alsop Road
Wasilla, Alaska 99623

RECEIVED
JAN 24 2022
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

United States District Court for the District of Alaska
c/o Clerk of Court
222 West 7th Avenue, Suite 33
Anchorage, Alaska 99513

Dear Clerk of Court,

I, Constantine Quisto Akelkok, Petitioner is enclosing the following;

1) Original Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241
2) 2 (two) copies of the petition
3) Letter to (former) attorney dated September 24th, 2019.
4) Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial. dated April 28th, 2021
5) Order Denying Defendant's Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial. dated by Superior Court Judge Christina L. Reigh June 22nd, 2021.
6) Temporary Order dated October 15, 2019 by Superior Court Judge Christina L. Reigh
7) PRETRIAL ORDER (FELONY), dated by Superior Court Judge Christina L. Reigh October 16th, 2019.
8) Defendant's MOTION TO SUPPRESS, dated October 27th, 2021
9) ORDER DENYING MOTION TO SUPPRESS, by Superior Court Judge Christina L. Reigh dated November 24th, 2021
10) SEARCH WARRANT NO. 3AN-19-2369SW, oath from (former) Dillingham Police Department officer, Sgt. Rodney Ethridge, dated July 20, 2019.
11) Dillingham Police Department Incident Report written by Susan Newman of the Dillingham Police Department and Trevor Farnsworth also of the Dillingham Police Department and Michael Henry of the Alaska State Troopers stationed at Dillingham, Alaska.

Submitted on January 4th, 2022.

Constantine Quisto Akelkok
Petitioner

P.S. extra form for file stamped copy.

-1-

# UNITED STATES DISTRICT COURT
for the DISTRICT OF ALASKA

RECEIVED JAN 24 2022
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

CONSTANTINE QUISTO AKELKOK )
_____ )
*Petitioner* )
v. )
) Case No. _____
DEPARTMENT OF CORRECTIONS ) *(Supplied by Clerk of Court)*
SUPERINTENDENT EARL HOUSER )
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: CONSTANTINE QUISTO AKELKOK
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: Goose Creek Correctional Center
   (b) Address: 22301 West Alsop Road
       Wasilla, Alaska 99623
   (c) Your identification number: ACOMS #485026; APSIN ID: 6706336
3. Are you currently being held on orders by:
   ☐ Federal authorities  ☒ State authorities  ☐ Other - explain:
   STATE OF ALASKA, ALASKA COURT SYSTEM
4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: _____
   (b) Docket number of criminal case: _____
   (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   - ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   - ☒ Pretrial detention
   - ☐ Immigration detention
   - ☐ Detainer
   - ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   - ☐ Disciplinary proceedings
   - ☒ Other (explain): Petitioner is challenging the prosecutions denial to bring the Petitioner to a Speedy Trial, within the 120 days limit. The prosecution's unreasonable delay occurred when Rule 45 expired, December 21, 2019.

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: IN THE SUPERIOR COURT FOR THE STATE OF ALASKA THIRD JUDICIAL DISTRICT AT DILLINGHAM, ALASKA COURT SYSTEM
   (b) Docket number, case number, or opinion number: 3DI-19-00359CR
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): Petitioner was denied his Constitutional Rights to a Speedy Trial. I, informed my former attorney Mr. Lesch of the Public Defender Agency, on September 24th, 2019 and directed Mr. Lesch not to waive, continue or postpone my Rules 5 & 45.
   (d) Date of the decision or action: October 9th, 2019 bySuperior Court Judge Christina Reigh

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: Superior Court Judge Christina Reigh, Third Judicial District at Dillingham, Alaska Court System.
      (2) Date of filing: April 28th, 2021
      (3) Docket number, case number, or opinion number: 3DI-19-00359CR
      (4) Result: Order Denying Defendant's Motion for Denial of Constitutional-
      (5) Date of result: June 22nd, 2021
      (6) Issues raised: Unreasonable delay by the prosecution for 22 months on May 2021. Barker vs. Wingo's four-factor evaluation, Federal Rule of Crim. P. Rule 48 (b) implements the Petitioner's Constitutional Right to a Public and Speedy Trial under the 6th Amendment of the United States Constitution.

<u>Alaska Supreme Court, Chief Justice Orders to suspend with no regard to Petitioner's 6th Amendment of the United States Constitution and the unreasonable delay Petitioner's Speedy Trial was not waived/continued.</u>

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes   ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: <u>Petitioner is currently representing himself in the above case number. Petitioner is a layman that is uneducated, unskilled, and untrained under the color of law.</u>

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes   ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☐ Yes  ☒ No

    If "Yes," answer the following:

    (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes  ☐ No

    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

    (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

    ☐ Yes  ☐ No

    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?

    ☐ Yes    ☒ No

    If "Yes," provide:

    (a)    Date you were taken into immigration custody: _____
    (b)    Date of the removal or reinstatement order: _____
    (c)    Did you file an appeal with the Board of Immigration Appeals?

        ☐ Yes    ☐ No

        If "Yes," provide:
        (1) Date of filing: _____
        (2) Case number: _____
        (3) Result: _____
        (4) Date of result: _____
        (5) Issues raised: _____

    (d)    Did you appeal the decision to the United States Court of Appeals?

        ☐ Yes    ☐ No

        If "Yes," provide:
        (1) Name of court: _____
        (2) Date of filing: _____
        (3) Case number: _____

Page 6 of 10

Case 3:22-cv-00014-JMK   Document 1   Filed 01/24/22   Page 6 of 11

(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☒ Yes    ☐ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: MOTION TO SUPPRESS
    (b) Name of the authority, agency, or court: Superior Court Judge Christina Reigh, Third Judicial District at Dillingham, Alaska Court System
    (c) Date of filing: October 27th, 2021
    (d) Docket number, case number, or opinion number: 3DI-19-00359CR
    (e) Result: ORDER DENYING MOTION TO SUPPRESS
    (f) Date of result: November 24th, 2021
    (g) Issues raised: Petitioner raised Alaska Constitution Article I §11 and United States Constitution 4th Amendment, "no Warrant shall issue, but upon probable cause,". There is no record and/or testimony from the anonymous caller (Gregory Wood), to mirror officer's testimony and/or observation because (former) officer for the Dillingham Police Department Sgt. Rodney Ethridge did not file a police report. The illegal arrest by (former) officer Ethridge had no probable cause when the police was aware of facts that no sexual assault had occurred. Petitioner was than transported to the police station for unreasonable search & seizure.

    **Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE:** Petitioner exercised his 6th Amendment of the United States Constitution and the prosecution's unreasonable delays determined waiver of Akelkok's Speedy Trial Rights, and Akelkok claimed from it's inception triggered his Right to a Speedy Trial without delays and enjoy the right to a Speedy and Public Trial.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Akelkok was indicted on October 11, 2019 at Anchorage, Alaska and the prosecution Richard Moses introduced inadmissible hearsay testimony by the states witness's. Since the indictment until now, 26 months have elapsed and 28 months of the arrest. Akelkok exercised his Right to a Speedy Trial and the prosecution requested for continuance to the court. Akelkok has been incarcerated since arrest with deliberate delays by the prosecution to hamper the defense.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes ☐ No

**GROUND TWO**: Alaska Supreme Court Chief Justice "suspending" jury trials, to make or Amend a Court Rule, it requires All the Justices of the Alaska Supreme Court (Article IV §2 Supreme Court & §15 Rule-Making Power). With proper notice and opportunity to object to the Rule's Amendment, repeal it requires the whole court not just the Chief Justice.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The Superior Court Presiding Judge has no responsibility or authority to promulgate rules of practice and procedure.
The time for trial shall begin running, without demand by the defendant. The burden is upon the state to give a Speedy Trial or be denied the power to prosecute.

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes ☐ No

**GROUND THREE**: Dillingham Police Department officer's (former) Sgt. Rodney Ethridge and Susan Newman acted unreasonably and lacked probable cause to arrest Akelkok thereby violating the 4th Amendment of the United States Constitution, Akelkok demonstrated his right to be free from arrest and addressed in his Motion to Supress. Incident report pages missing 16-100

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The 4th Amendment of the United States Constitution test for probable cause provides that, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation," for (former) Sgt. Ethridge to justify a search warrant and the officer Ethridge knew he lacked probable cause when he sought a search warrant from the Magistrate at Anchorage, Alaska.
Note: (Former) Sgt. Rodney Ethridge of the Dillingham Police Department failed to file a police incident report with his chief of police department.

(b) Did you present Ground Three in all appeals that were available to you?
☒ Yes ☐ No

**GROUND FOUR:** Akelkok believes their is testimonies that exonorates, Akelkok from the sexual assaults and the sex abuse of a minor was not committed and Akelkok did not committed the criminal offenses stated in the indictment. This was based on Gregory Wood's hearsay testimony for the alleged victims at

(a) Supporting facts (Be brief. Do not cite cases or law.): grand jury indictment. The witness's (alleged victims) at the grand jury indictment testified to what Gregory Wood told them. Mr. Wood was never called to Akelkok's grand jury indictment. Officer's investigation all witness's testified to no sexual assaults occured and no sexual abuse of a minor did not occured also. There is testimonies by the witness's that explains and/or exonorates Akelkok from the sexual assaults and sexual abuse of a minor. K.F. is the 1st witness, T.K. is the primary witness and K.J. is the minor witness testified no criminal offenses occured by

(b) Did you present Ground Four in all appeals that were available to you? Mr. Akelkok.
☒ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I, Constantine Quisto Akelkok am representing myself in the matter asserted since April 2020. Akelkok has put in motions and evidence hearing to direct the prosecution and the court, police of the Dillingham Police Department lacked probable cause to arrest because of the state witness's testimonies from complaints to the grand jury indictment. Akelkok believes to be held to the less stringent standard.

**Request for Relief**

15. State exactly what you want the court to do: I, Constantine Quisto Akelkok, request this Honorable Court to take jurisdiction from the Superior Court at Dillingham, Akelkok believes it holds merit(s) to evaluate from the information above is the truth and whole truth. The prosecution failed to honor Akelkok's Speedy Trial Right under the 6th Amendment of the United States Constitution. The court, Mrs. Reigh declines to address 4th Amendment violates by the police officer Mr. Ethridge. Akelkok requests a file-stamped copy of the petition. Returned to same address.

In conclusion when this Honorable Court does an in camera review, Akelkok's wishes is for this Honorable Court to dismiss all 3 criminal charges with prejudice, for the police officer's Mr. Ethridge and Mrs. Newman for lack of probable cause to arrest Mr. Akelkok. Granting an Order for Akelkok to immediately released from D.O.C. custody.

Furthermore, Akelkok request's this Honorable Court to investigate the assistants for the District Attorney's office, Lisa Kelly, William Vitkus, Matthew Heybeil and assistant Public Defender Chirstopher Lesch and Superior Court Judge Christina Reigh, for denial of due process, obstruction of justice, and malpractice.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _January 4th, 2022 at Goose Creek Correctional Center_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _1-4-2022_     _/s/ Constantino Oriesto Abella_
                                              Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Constantnie Quisto Akelkok #485026
Goose Creek Correctional Center
22301 West Alsop Road
Wasilla, Alaska 99623

1 of 2

United States District Court for the District of Alaska
222 West 7th Avenue Suite 33
Anchorage, Alaska 99513

NEOPOST
01/13/2022
US POSTAGE $009.25
PRIORITY MAIL
ZIP 99654
041M11450739