# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CONSTANTINE QUISTO AKELKOK,

Petitioner,

vs.

DEPARTMENT OF CORRECTIONS SUPERINTENDENT EARL HOUSER,

Respondent.

Case No. 3:22-cv-00014-JMK

## ORDER DISMISSING PETITION

Self-represented prisoner, Constantine Quisto Akelkok, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] Mr. Akelkok is a pretrial detainee at Goose Creek Correctional Center with pending Alaska state criminal charges.[2] This Court takes judicial notice of Akelkok's criminal case in the Alaska Superior Court at 3DI-19-00359CR.[3]

Mr. Akelkok alleges four grounds for his petition. First, Mr. Akelkok alleges that his right to speedy trial has been violated by the unreasonable delays of the prosecution resulting in a 26-month delay since his indictment and a 28-month

---

[1] Docket 1.

[2] *See Id.*

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

delay since his arrest.[4]  Second, Mr. Akelkok alleges that neither the Alaska Supreme Court Chief Justice, nor the Superior Court Presiding Judge have the authority to make a rule to suspend jury trials without a proper notice and objection period.[5]  Third, he alleges that officers lacked probable cause to arrest him on his pending state court criminal charges.[6]  Lastly, he alleges that the victims' testimony to the grand jury was based on hearsay.[7]  To support his allegations, Mr. Akelkok provides the Court with 53 pages of exhibits, including Motions to Dismiss and Suppress that he filed *pro se* in his state criminal case, corresponding orders from the Alaska Superior Court denying the motions, and various police reports with witness statements.[8]

For relief, Mr. Akelkok requests the Court (1) "take jurisdiction from the Superior Court in Dillingham"; (2) perform an *in-camera* review; (3) dismiss all three criminal charges with prejudice; (4) grant an order for immediate release; and (5) investigate three assistant district attorneys, a public defender, and Alaska Superior Court Judge Christina L. Reigh.[9]

---

[4] Docket 1 at 7–8.

[5] Docket 1 at 8.

[6] Docket 1 at 8–9.

[7] Docket 1 at 9.

[8] Docket 1-1.

[9] Docket 1 at 9.

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 2 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 2 of 11

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[10] A petitioner may properly challenge pretrial detention under 28 U.S.C. § 2241.[11]

A court must "promptly examine" a habeas petition.[12] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ."[13] Upon screening, it plainly appears that Mr. Akelkok is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[14] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[15]

---

[10] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[11] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[12] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[13] *Id.*

[14] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[15] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (*quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 3 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 3 of 11

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[16] This habeas statute provides federal courts with general habeas corpus jurisdiction.[17]

28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[18] Because § 2241 provides broad habeas relief, other proper examples of § 2241 petitions include challenges to pretrial detention,[19] parole decisions,[20] sentencing credits,[21] and immigration decisions.[22] However, prisoners are limited in the relief sought under § 2241 to the extent they may seek relief under 28 U.S.C. § 2254 (for a state conviction) or 28 U.S.C. § 2255 (for a federal conviction).[23]

---

[16] 28 U.S.C. § 2241(c)(3).

[17] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[18] *Stow v. Murashige*, 389 F.3d 880, 885–88 (9th Cir. 2004) *(*quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.")).

[19] *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

[20] *See Tyler v. United States*, 929 F.2d 451, 453 n.5 (9th Cir. 1991).

[21] *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

[22] *INS v. St. Cyr*, 533 U.S. 289, 314 (2001).

[23] *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam); *Greenawalt v. Stewart,* 105 F.3d 1287, 1287-88 (9th Cir. 1997) (per curiam).

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 4 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 4 of 11

## I. Speedy Trial

When examining § 2241 petitions from a pretrial detainee alleging violations of the Speedy Trial Clause, a significant delay in the proceedings must be shown. In *McNeely v. Blanas*,[24] the Ninth Circuit found a delay of three years to be substantial so that prejudice was presumed.[25] The Ninth Circuit found that the four-part test articulated by the Supreme Court in *Barker v. Wingo*,[26] was triggered to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[27] The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient."[28]

However, for state prisoners alleging speedy trial violations, the doctrine of abstention also applies. As stated by the Ninth Circuit Court of Appeals:

> Lest any doubt remain, we clarify: the rule of this circuit is that abstention principles generally require a federal

---

[24] 336 F.3d 822, 826 (9th Cir. 2003).

[25] By the time that the *McNeely* case was before the Ninth Circuit, the delay was then extended to more than five years.

[26] 407 U.S. 514, 530 (1972).

[27] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[28] *Id.* (citing *Barker v. Wingo*, 407 U.S. at 530).

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 5 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 5 of 11

> district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution. The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown." *Carden,* 626 F.2d at 84. Our decision in *McNeely* did not alter that rule and thus cannot serve as the basis for a habeas petitioner's claimed exemption from ordinary principles of abstention.[29]

This means that this Court may not interfere with a state proceeding, unless there are extraordinary circumstances. Without a clear demonstration of harassment, bad faith, or irreparable injury by the state, a federal court may not hear a state prisoner's § 2241 petition alleging speedy trial violations.

In Ground 1, Mr. Akelkok alleges a constitutional violation of his speedy trial rights. Mr. Akelkok's case progresses before the Alaska Superior Court. Mr. Akelkok petitioned to proceed *pro se* after two representation hearings.[30] This Court takes judicial notice that on February 7–10 and 14–16, a jury trial was held.[31]

---

[29] *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012).

[30] Docket 1-1 at 9–10.

[31] *State of Alaska v. Constantine Quisto Akelkok*, Case No. 3DI-19-00359CR ("Events: Jury Trial: Superior Court Criminal" on February 7, 8, 9, 10, 14, 15, & 16, 2022).

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 6 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 6 of 11

Mr. Akelkok was acquitted by a directed verdict of one charge; a sentencing hearing is scheduled for June 2, 2022, on the remaining counts.[32]

The length of delay in Mr. Akelkok's case does not demonstrate presumed prejudice under *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003). Mr. Akelkok alleges delays by the prosecution, but he does not make specific factual allegations regarding delay. Further, a review of the state court docket does not demonstrate or support the accusation of prosecutorial delay.[33] Most importantly, a jury trial has been held and a verdict rendered.[34]

In Ground 2, Mr. Akelkok alleges that Alaska Supreme Court's suspension of jury trials lacked proper notice and objection. While Mr. Akelkok does not present further details, the Court takes judicial notice of the Special Orders of the Chief Justice of the Alaska Supreme Court, beginning March 15, 2020, through December 2, 2021, which addresses the operations of the Alaska Court System in light of the COVID-19 pandemic.[35] Additionally, the Court takes notice of Alaska

---

[32] *State of Alaska v. Constantine Quisto Akelkok*, Case No. 3DI-19-00359CR (Docket Entry dated February 17, 2022 "Charge(s) 4 disposed with a disposition of Charge Disposition: Directed Verdict of Acquittal").

[33] *State of Alaska v. Constantine Quisto Akelkok*, Case No. 3DI-19-00359CR (see Docket Information).

[34] *Supra* notes 29 & 30.

[35] *See Special Orders of the Chief Justice*, Alaska Court System: COVID-19 Response, available at: https://courts.alaska.gov/covid19/index.htm#socj.

Supreme Court Order No. 1974, dated July 21, 2021, which addresses resetting, extending, and tolling speedy trial dates due to the pandemic.[36] Lastly, the Court takes notice that these are orders, not rules promulgated by the Alaska Supreme Court.[37]

To the extent that Mr. Akelkok seeks to bolster his speedy trial claim due to suspension of jury trials, the Court finds this argument unpersuasive. First, Mr. Akelkok has failed to plead sufficient, plausible factual detail to support a speedy trial claim without considering COVID delay. Furthermore, the Ninth Circuit Court of Appeals reasoned that COVID-19 pandemic has created "unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health."[38]

Therefore, neither Mr. Akelkok's pleadings, nor the state court record support a finding of harassment, bad faith, or irreparable injury required to pierce the veil of abstention.

---

[36] See *Alaska Supreme Court Order, No. 1974*, *Resetting, Extending, and Tolling Criminal Rule 45 to permit an orderly transition and scheduling of criminal trials*, Alaska Court System: COVID-19 Response, available at: https://courts.alaska.gov/sco/docs/sco1974.pdf.

[37] *See generally supra* notes 33 & 34.

[38] *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022).

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 8 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 8 of 11

## II. Fact-Based Claims

Mr. Akelkok's remaining claims focus upon whether (1) probable cause existed for his arrest; and (2) the victims' testimony to the grand jury was based on hearsay.[39] The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[40] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[41]

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves."[42] If the *Younger*

---

[39] Docket 1 at 8–9, Docket 1-1.

[40] *Younger v. Harris*, 401 U.S. 37 (1971).

[41] *Younger*, 401 U.S. at 54.

[42] *San Jose Silicon Valley Chamber of Commerce v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

3:22-cv-00015-JMK, *Akelkok v. Houser*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 9 of 11
Case 3:22-cv-00014-JMK   Document 2   Filed 03/16/22   Page 9 of 11

doctrine applies, the court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings.[43]

Here, the State of Alaska charged Mr. Akelkok with three felonies: Sexual Assault, AS 11.41.420(a); Sexual Abuse of a Minor, AS 11.41.436(a)(2); and Sexual Assault, AS 11.41.410(a)(1).[44] The Alaska Superior Court held a trial, a verdict was rendered, and Mr. Akelkok awaits sentencing. The State of Alaska has an important interest in enforcing its criminal laws. The Alaska Superior Court provided, and continues to provide, a proper forum to raise and contest federal constitutional matters, in addition to challenging the allegations made against him. Lastly, Mr. Akelkok has requested injunctive relief and asks this Court to: (1) "take jurisdiction from the Superior Court in Dillingham"; (2) perform an *in-camera* review; (3) dismiss all three criminal charges with prejudice; (4) grant an order for immediate release; and (5) investigate three assistant district attorneys, a public defender, and Alaska Superior Court Judge Reigh. Not only would this Court's intervention enjoin the matter in practical effect, but it is also specifically requested by Mr. Akelkok. *Younger* expressly disfavors and prohibits such interference in a state court criminal action.

---

[43] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

[44] *State of Alaska v. Constantine Quisto Akelkok*, Case No. 3DI-19-00359CR ("Party Charge Information").

Thus, the matter at present fulfills all the requirements for *Younger* abstention. Therefore, the Court must abstain from exercising jurisdiction and dismiss the remaining grounds for relief.

Mr. Akelkok's case does not show harassment, a prosecution in bad faith, or a delay which results in irreparable injury. Currently, there are no factors present for this Court to override the doctrine of abstention and intervene in Mr. Akelkok's state proceeding.

Mr. Akelkok's has not presented viable grounds for a habeas petition under 28 U.S.C. § 2241. Therefore, Mr. Akelkok's petition must be dismissed.

**IT IS THERFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED** with prejudice.

2. The Clerk of Court is directed to enter a final judgment.

3. A certificate of appealability shall not issue.[45]

Dated at Anchorage, Alaska, this 16th day of March, 2022.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[45] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).